IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>Plaintiff,<br><br>v.<br><br>ZSCALER, INC.,<br><br>Nominal Defendant,<br><br>and<br><br>WILLIAM FRASER BROWN,<br><br>Defendant. | Case No. 23-CV-5903 _____<br><br>Judge _____<br><br>Magistrate Judge _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR RECOVERY OF SHORT SWING PROFITS
UNDER 15 U.S.C. § 78p(b)**

Plaintiff Dennis J. Donoghue ("Plaintiff"), by his attorneys, as and for his Complaint against the Defendant, respectfully alleges the following upon information and belief, except as to Paragraphs 7 and 14, which Plaintiff alleges on personal knowledge:

**NATURE OF THE ACTION**

1. This is an action to recover "short swing" profits under Section 16(b) of the Securities and Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b). Section 16(b) is a proscriptive strict liability statute, designed to prevent insider short swing trading by requiring all profits realized within any period of less than six months through the purchase and sale of shares within any period of less than six months to be disgorged to the issuer. Statutory "insiders" – i.e., directors, officers, or more than 10% shareholders – are subject to an irrebuttable presumption of access to non-public information, and a fiduciary obligation to either

1

refrain from short swing purchases and sales, or to disgorge their profits from trading as required by the statute.

1. To state a claim for recovery of profits under Section 16(b), a plaintiff is required to prove only that a defendant was an insider of a public company, who profited from a purchase and sale of the company's securities within a period of less than six months. The insider's actual knowledge or intent to trade within periods of less than six months is irrelevant, and the mandatory disgorgement remedy is automatic and non-punitive, with no implication of any wrongdoing.

2. Defendant William Fraser Brown ("BROWN") is and at all relevant times was, a director of Zscaler, Inc.

## JURISDICTION, VENUE AND STANDING

3. Jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

4. Venue is proper in this district under Section 27 of the Act, 15 U.S.C. § 78aa. The common stock of Zscaler, Inc. was traded by BROWN through the facilities of the NASDAQ Stock Market, LLC, a national securities exchange located within the district.

5. Plaintiff has standing as he is suing to vindicate the rights of Zscaler, Inc. which was owed a fiduciary duty by BROWN which he betrayed by trading on the short-swing. By refusing to disgorge his profits to Zscaler BROWN further wronged Zscaler by converting those profits, which belonged to Zscaler from the moment of realization, to his own uses. These are concrete and particularized wrongs against Zscaler redressable by this suit.

## THE PARTIES

6. Plaintiff is resident of Westchester County, within the district, and is a security owner of Zscaler, Inc..

7. Nominal Defendant Zscaler, Inc. is incorporated in Delaware, with principal offices at 120 Holger Way, San Jose, California 95134. This action is brought in the right and for the benefit of Zscaler, which is named as a defendant solely in order to have all necessary parties before the Court.

8. Defendant BROWN is a natural person who can be found c/o Zscaler, Inc., 120 Holger Way, San Jose, California 95134.

## STATUTORY REQUISITES

9. The violations of Section 16(b) described herein involve non-exempt transactions in non-exempt securities executed by and on behalf of non-exempt persons within the meaning of the Act.

10. At all relevant times, the common stock of Zscaler was registered as a class of equity security under Section 12(b) of the Act, 15 U.S.C. § 78*l*(b).

11. Demand for prosecution was first made by Plaintiff in a letter to the Zscaler, Inc. board dated June 9, 2023. By letter dated July 7, 2023, counsel for Zscaler, Inc. informed Plaintiff's counsel that, following receipt of Plaintiff's demand, BROWN had "cancelled" the trades and Zcaler, Inc. declined to bring this action for disgorgement of the profits owed to Zscaler under Section 16(b). It is Plaintiff's belief that the purported cancellation was for the sole purpose oF attempting to avoid BROWN's matured liability to Zscaler, Inc. and that Zscaler, Inc. is declining to prosecute as an impermissible waiver and accommodation to one of its board members. Further delay in filing suit would be a futile gesture.

12. As of the date of this Complaint, BROWN has refused to account for or to disgorge short swing profits realized from Zscaler securities transactions executed by him.

13. This action is brought within two years of the occurrence of the violations described herein or within two years of the time when relevant facts concerning the alleged transactions were first publicly disclosed or otherwise available to Plaintiff.

## CLAIM FOR RELIEF

### (Profits Recoverable Under Section 16(b) of the Securities Exchange Act)

15. BROWN purchased 5,000 shares of Zscaler common stock on December 23, 2022.

16. BROWN sold 5,632 shares of Zscaler common stock on June 9, 2023, at prices higher than paid for his purchase of shares within less than six months.

17. BROWN, when confronted by Plaintiff's demand that he disgorge resulting profits to Zscaler, Inc. sought to evade his obligations by purporting to cancel the sales.

18. BROWN remains liable to Zscaler for his short-swing profits, the exact amounts of which are unknown to Plaintiff, but are estimated at no less than two hundred ten thousand ($210,000) dollars.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring BROWN to account for and disgorge all short swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff his costs and disbursements, including reasonable attorney's, accountant's and expert witness fees; and

c)   Granting to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: Southampton, New York
July 10, 2023

*/s/ David Lopez*

David Lopez, Esq.
*Attorney for Plaintiff*
171 Edge of Woods Road, P.O. Box 323
Southampton,, New York 11968
Telephone: 631.287.5520
DavidLopezEsq@aol.com

Miriam Tauber, Esq.
MIRIAM TAUBER LAW PLLC
*Attorney for Plaintiff*
885 Park Avenue, 2A
New York, NY 10075
Telephone: 323.790.4881
MiriamTauberLaw@gmail.com