UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>         Plaintiff,<br><br>    v.<br><br>ZSCALER, INC.,<br><br>         Nominal Defendant, and<br><br>ANDREW WILLIAM FRASER BROWN,<br><br>         Defendant. | Case No. 1:23-cv-05903-JLR<br><br>~~[PROPOSED]~~ SETTLEMENT ORDER |

Plaintiff Dennis J. Donoghue ("Plaintiff"), shareholder of Nominal Defendant Zscaler, Inc. ("Zscaler"), brought this action (the "Action") under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") on Zscaler's behalf to recover so-called "short-swing profits" alleged to have been realized by Defendant Andrew William Fraser Brown ("Mr. Brown"), in connection with his alleged purchase and sale of Zscaler's securities (as defined in 17 C.F.R. § 240.16a-1(c) under the Exchange Act) on December 23, 2022, and June 9, 2023, respectively (the "16(b) Transactions").

The Court has considered whether the terms and conditions of the Stipulation and Settlement dated September 10, 2024 (the "Stipulation") are fair, reasonable, and adequate and should be approved. The Court has considered all matters submitted to it on this motion, including the Stipulation, and all prior papers and proceedings in this Action. Unless otherwise defined herein, all capitalized terms shall have the meanings set forth in the Stipulation. The Court conducted a hearing on November 7, 2024, and for the reasons set forth at that hearing:

~~NOW, THEREFORE~~, IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this Action, over the Plaintiff, over Zscaler, and over Mr. Brown.

2. The Court finds that Plaintiff, through its counsel, have diligently and vigorously prosecuted the claims set forth in the Complaint on behalf of Zscaler and thus that the dismissal, discharge, and release below shall be given preclusive effect as to any Released Claims asserted in the future by Zscaler shareholders.

3. The Stipulation and Settlement annexed hereto as Exhibit A is hereby approved as fair, reasonable, and adequate, and in the best interests of Zscaler and of its shareholders. The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4. This Order shall not constitute evidence of, or an admission by, Plaintiff, Mr. Brown, or Zscaler respecting the validity or invalidity of any of the claims or defenses asserted by Plaintiff or Mr. Brown as to liability or lack thereof with respect to any such claim or defense or for any recovery sought in the above-referenced matter, or of any wrongdoing or lack of wrongdoing by Mr. Brown whatsoever.

5. Mr. Brown is directed to pay the Settlement Payment to Zscaler as provided by the Stipulation and Settlement.

6. Zscaler is directed to pay the Legal Fees Payment to Plaintiffs' counsel, following Zscaler's receipt of the Settlement Payment from Mr. Brown and as provided by the Stipulation and Settlement.

7. Following receipt of the Legal Fees Payment, Plaintiffs' counsel is directed to file a Stipulation of Voluntary Dismissal signed by all parties, which will cause this case to be

-3-

dismissed on the merits and with prejudice (and without further payment of fees or disbursements other than as provided by the Stipulation and Settlement).

8. The releases provided by the Stipulation at Paragraphs 5-10 will be effective upon payment of the Settlement Payment and the Legal Fees Payment as provided by the Stipulation at Paragraph 3. In addition, Zscaler and the Plaintiff, and any and all owners of any Zscaler security (as defined in 17 C.F.R. § 240.3a11-1 under the Exchange Act) or derivative security (as defined in 17 C.F.R. § 240.16a-1(c) under the Exchange Act), will be permanently barred and enjoined from asserting any Released Claims in any other action, or in any other court or tribunal of this or any other jurisdiction.

9. Jurisdiction is hereby reserved over all matters relating to the enforcement, administration, and performance of the Stipulation.

10. The Clerk of the Court is directed to enter and docket this Settlement Order.

Dated:  November 7    , 2024
        New York, New York

                                        SO ORDERED:

                                        *Jennifer Rochon*

                                        **The Honorable Jennifer L. Rochon**
                                        **United States District Judge**

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>Plaintiff,<br><br>v.<br><br>ZSCALER, INC.,<br><br>Nominal Defendant,<br><br>and<br><br>ANDREW WILLIAM FRASER BROWN,<br><br>Defendant. | Case No. 1:23-cv-05903-JLR |

## STIPULATION AND SETTLEMENT

By and through their respective attorneys, the parties to this action (the "Action"), Plaintiff Dennis J. Donoghue ("Plaintiff"), Nominal Defendant Zscaler, Inc. ("Zscaler"), and Defendant Andrew William Fraser Brown ("Mr. Brown," and, collectively with the Plaintiff and Zscaler, the "Parties"), have entered into the following Stipulation and Settlement Order (this "Stipulation" or "Settlement") for the Court's approval.

### RECITALS

WHEREAS, Plaintiff, a shareholder of Zscaler, brought this Action under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), on behalf of Zscaler, to recover so-called "short-swing profits" from Mr. Brown allegedly arising from his transactions in Zscaler's common shares;

WHEREAS, Plaintiff filed his Complaint in this Action on July 10, 2023 [Dkt. 1];

WHEREAS, Plaintiff's Complaint alleged that Mr. Brown is liable to Zscaler for approximately $210,000 in short-swing profits realized from Mr. Brown's purported purchase

-1-

and sale of Zscaler's common shares on December 23, 2022, and June 9, 2023, respectively (the "16(b) Transactions");

WHEREAS, Mr. Brown denies any liability or wrongdoing whatsoever, has vigorously contested Plaintiff's claims, and contends that the claims are implausible and without merit because the sale in question was cancelled and, therefore, the 16(b) Transactions did not result in any profit for Mr. Brown; and because Plaintiff purportedly lacks standing to prosecute the Action;

WHEREAS, Zscaler and Mr. Brown jointly filed a motion to dismiss the Complaint on September 22, 2023 [Dkt. 18], which was fully briefed as of November 3, 2023 [Dkts. 19, 24, and 28];

WHEREAS, the Court denied Zscaler and Mr. Brown's motion to dismiss by order following oral argument on the motion held on June 3, 2024 [Dkt. 34];

WHEREAS, the Parties have concluded, after consulting with their respective counsel and in light of the risks and uncertainties of the outcome of this Action and any subsequent appeal (and the costs of prosecuting and defending the same), that it is in their best interests to settle the Action on the terms set forth herein and to fully and finally compromise all claims asserted in the Action against Mr. Brown under Section 16(b) of the Exchange Act;

WHEREAS, this Settlement was reached by the Parties after multiple rounds of arm's length, adversarial negotiation;

WHEREAS, these negotiations culminated in an agreement for Mr. Brown to pay Zscaler $95,000, in cash, in settlement of this Action as further described herein;

WHEREAS, Zscaler has agreed to allocate and pay 1/3 of the settlement payment, or a total of $31,666, as legal fees (inclusive of disbursements) to Plaintiff's counsel as further described herein;

WHEREAS, in evaluating the proposed Settlement, Plaintiff and Zscaler have considered the benefit being provided to Zscaler, the risks and uncertainties of the outcome of this Action and any subsequent appeal, the delay until there would be a final adjudication, and additional legal fees and expenses which could reduce the ultimate recovery, whether on a litigated judgment if Plaintiffs were to prevail, or by settlement; and

WHEREAS, all Parties and their counsel agree that a settlement of this Action on the terms described herein is fair, reasonable, adequate, and in the best interest of the Parties and shareholders of Zscaler;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, for good and valuable consideration, the sufficiency of which is hereby acknowledged, as follows:

1. Upon execution of this Stipulation, the Parties shall notify the Court of the Settlement and jointly request that the Court approve the Settlement.

2. The approved Settlement will be given preclusive effect to any other potential actions based on the same or substantially similar allegations.

3. In consideration of the releases described at Paragraphs 5-10:

    (a) Within 10 business days following the Court's approval of the Stipulation, Mr. Brown shall pay or cause to be paid to Zscaler the sum of $95,000, in cash (the "Settlement Payment"); and

    (b) Within 10 business days following Zscaler's receipt of the Settlement Payment, Zscaler shall pay or cause to be paid to counsel for Plaintiff the sum of $31,666, in cash (the "Legal Fees Payment").

The Settlement Payment shall be made by wire transfer of immediately available funds to the account designated in writing by Zscaler. The Legal Fees Payment shall be made by wire transfer of immediately available funds to the account or accounts designated in writing by Plaintiff's counsel.  Plaintiff's counsel will provide counsel for Zscaler a Form or Forms W-9 and wiring instructions for the receipt of the Legal Fees Payment upon execution of this Stipulation.

4. Within 3 business days following receipt of the Legal Fees Payment, Plaintiff will file a Stipulation of Voluntary Dismissal with prejudice signed by all parties in the Form appended as Exhibit A, which will end this case.

5. In consideration of the Settlement Payment and the Legal Fees payment, Zscaler and Plaintiff, to the fullest extent permitted by law, on behalf of themselves and any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Zscaler or any other security or instrument the value of which is derived from the value of any Zscaler equity security, each release and discharge Mr. Brown, and any of Brown's affiliates or associates (as those terms are defined in Rule 12b-2 of the Exchange Act), each of his and their present and former officers, directors, employees, members, managers, agents, attorneys, representatives, advisors, associates, parents, principals, subsidiaries, general or limited partners or partnerships, companies controlled by Mr. Brown, and any of their predecessors or successors in interest, and any of Mr. Brown's heirs, executors, administrators, successors and assigns, from any and all liability, disgorgement, and/or damages under or based upon: (i) any and all claims contained in or referred to in the Complaint in this Action, or that could have been asserted in this Action; and (ii) any and all claims, rights, causes of action, suits, obligations, damages or liabilities, known or unknown, at law or in equity, for damages, disgorgement, indemnity, contribution, or otherwise, arising under Section 16(b) of the Exchange Act and the rules and regulations

promulgated under Section 16, irrespective of the theory of liability, and relating to trading in Zscaler securities, options to acquire Zscaler securities (as defined in Section 3(a)(10) of the Exchange Act) and/or other securities or instruments the value of which is derived from the value of any Zscaler equity security, during the period from December 23, 2022 to the present date (the "16(b) Trading Period"); ***except that*** the claims released under this Paragraph and by this Settlement (the "Released Claims") *do not include* any claims arising from transactions that have not been reported by Mr. Brown in Form 4 reports filed with the SEC as of the date of the parties' execution of this Stipulation.

6. Upon receipt of the Settlement Payment and the Legal Fees Payment required by Paragraph 3, except with respect to claims to enforce or otherwise arising from or related to this Agreement, Plaintiff, to the fullest extent permitted by law, on behalf of himself, his attorneys and other agents, heirs, successors and permitted assigns, and any person claim under or in the right of any of them, release Zscaler and its present and former officers, directors, employees, members, managers, agents, attorneys, representatives, affiliates, associates, parents, principals, subsidiaries, general or limited partners or partnerships, controlling persons, administrators, predecessors, successors, and permitted assigns from the Released Claims (as defined above).

7. Upon receipt of the payments required by Paragraph 3, except with respect to claims to enforce or otherwise arising from or related to this Agreement, Zscaler and Mr. Brown, to the fullest extent permitted by law, on behalf of themselves, their respective attorneys and other agents, heirs, successors and permitted assigns, each releases Plaintiff, and his agents, attorneys and other representatives, and any of his heirs, successors and permitted assigns from any claims, rights, causes of action, suits, obligations, damages and liabilities, known or unknown, at law or in equity, asserted in or related to or arising from this Action, Plaintiff's

determination to settle the Action pursuant to this Agreement, or the payment of attorneys' fees to Plaintiff's attorneys pursuant to Paragraph 3(b) of this Agreement.

8.  While nothing in this Stipulation is intended to operate as a restriction on the right of Plaintiff's counsel to practice law within the meaning of Rule 5.6 of the New York Rules of Professional Conduct, Plaintiff's counsel represents that they have no present intent to solicit or represent new clients for the purposes of bringing Section 16(b) claims against Mr. Brown, Zscaler, and/or any related parties arising out of or relating to Mr. Brown's trading of Zscaler securities during the 16(b) Trading Period. This representation is made based upon the SEC Form 4 reports filed by Mr. Brown and/or Zscaler as of the date of execution of this Stipulation and does not account for disclosures that may subsequently be made by Mr. Brown and/or Zscaler.

9.  Plaintiff agrees and acknowledges that the Legal Fees payment to be made by Zscaler in the amount and at the time required by this Settlement is the sole amount to which Plaintiff and counsel for Plaintiff are due in connection with this Action or this Stipulation. Upon timely receipt of the Legal Fees payment as required by this Stipulation, Plaintiff expressly releases and disclaims any right to any additional legal fees in connection with the Action or the Released Claims.

10. The claims released by this Agreement include claims that the releasing parties do not know or suspect to exist at the time of the release, which, if known by the releasing parties might have affected their decision to enter into this Agreement. The releasing parties shall be deemed to relinquish, to the extent applicable, and to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> THAT THE CREDITOR OR RELEASING PARTY DOES NOT

> KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE AND THAT, IF
> KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
> OR RELEASED PARTY.

The releasing parties shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542 to the extent applicable. The releasing parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true, but that it is their intention to fully, finally, and forever settle and release the claims described above, whether known or unknown, suspected or unsuspected, which now exist or heretofore existed, and without regard to the subsequent discovery or existence of such additional or different facts. This Paragraph 10 is not intended to expand the Released Claims to claims expressly excluded from the release under Paragraph 5.

11. This Stipulation and all negotiations and papers related to it, and any proceedings in connection with the Settlement, whether or not the Stipulation is approved by the Court, are not and shall not be construed as evidence of, or an admission by, any of the Parties respecting the validity or invalidity of the claims or defenses asserted by Plaintiff or Mr. Brown, or of any wrongdoing or lack of wrongdoing by Mr. Brown whatsoever and shall not be offered for admission or received as evidence in any other action against Mr. Brown. Notwithstanding this Paragraph 11, this Stipulation may be introduced as evidence of the parties' obligations under this Settlement in this Action and in any action or proceeding to enforce the terms of this Settlement.

12. Zscaler acknowledges and agrees that this Action has been diligently and vigorously prosecuted by Plaintiff's counsel against Mr. Brown within the meaning of Section

16(b) of the Act, and that the Settlement Payment payable to Zscaler under this Stipulation was negotiated by Plaintiff's counsel for the benefit of Zscaler. Accordingly, Zscaler has agreed to pay the Legal Fees payment to Plaintiff's counsel in consideration of their services.

13. This Stipulation contains the entire agreement among the Parties concerning the subject matter hereof and no Party is relying on any representation, promise, or assertion not contained herein.

14. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and all of which, when taken together, shall be deemed to constitute one and the same instrument, provided that no Party shall be bound hereby unless and until all Parties shall have executed and delivered this Stipulation.

15. Each individual signing this Stipulation represents that he or she has the authority of his or her client to execute the Stipulation, to bind his or her client to the terms of the Settlement, and to compromise his or her client's claims and defenses related to the Released Claims as provided by this Stipulation.

16. This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto that refers specifically to this Stipulation.

17. The Parties submit to the continuing jurisdiction of this Court for all purposes relating to this Action and any disputes over this Stipulation and its enforcement.

18. This Stipulation shall be construed in all respects as jointly drafted and shall not be construed, in any way, against any Party on the ground that the Party or its counsel drafted this Stipulation.

19. This Stipulation, and all rights and powers granted hereby, will bind and insure to the benefit of the Parties hereto and their respective agents, executors, heirs, successors, assigns, employees, and employers.

20. Plaintiff and Plaintiff's counsel represent and warrant that none of the claims or causes of action referred to in the Complaint in this Action (including any claim for legal fees arising from this Action) has been assigned, encumbered, or in any manner transferred in whole or part.

21. If the Court requests that the Parties modify the terms of this Agreement, the Agreement shall become null and void; in which case the Parties agree to undertake their reasonable best efforts to enter into a substitute settlement agreement. The Parties will provide the Court with an update on the status of their efforts to reach a substitute settlement agreement by no later than 15 business days from the date of the Court's request for modification.

22. If any provision of this Stipulation is held to be illegal, invalid, or unenforceable, then: (i) such provision will be fully severable; (ii) this Stipulation will be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised part of this Stipulation; and (iii) the remaining provisions of this Stipulation will remain in full force and effect and will not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Stipulation.

*/s/ Miriam Tauber*
_____
Miriam Tauber; David Lopez
*Attorneys for Plaintiff/Shareholder*
*Dennis J. Donoghue*

Dated: September 10, 2024

*/s/ Harlan A. Levy*
_____
Harlan A. Levy; Amanda S. Coleman
FOLEY HOAG LLP
*Attorneys for Defendant Andrew William Fraser Brown*

*/s/ Evan Seite*
_____
Evan L. Seite; Ignacio E. Salceda
WILSON SONSINI GOODRICH & ROSATI, P.C.
*Attorneys for Nominal Defendant Zscaler, Inc.*

EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>   Plaintiff,<br><br>v.<br><br>ZSCALER, INC.,<br><br>   Nominal Defendant,<br><br>and<br><br>ANDREW WILLIAM FRASER BROWN,<br><br>   Defendant. | Case No. 1:23-cv-05903-JLR |

## STIPULATION OF DISMISSAL

Pursuant to the Stipulation and Settlement Order entered into by the parties and endorsed by the Court, the undersigned counsel for all parties hereby stipulate that this matter shall be dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Each party shall bear its own costs.

_____
Miriam Tauber
David Lopez
*Attorneys for Plaintiff*

_____
Harlan A. Levy
Amanda S. Coleman
FOLEY HOAG LLP
*Attorneys for Defendant Andrew William Fraser Brown*

_____
Evan L. Seite
Ignacio E. Salceda
WILSON SONSINI GOODRICH & ROSATI, P.C.
*Attorneys for Nominal Defendant Zscaler, Inc.*